J-S53034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL JASON PENDELTON, | |
| Appellant | No. 370 WDA 2014 |

Appeal from the Order January 16, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0008053-1997;
CP-02-CR-0008064-1997;
GD 13-23240

BEFORE: DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:         **FILED SEPTEMBER 25, 2014**

Appellant, Michael Jason Pendelton, appeals *pro se* from the order dismissing his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm the order of the PCRA court and deny Appellant's application for relief.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On July 23, 2014, Appellant filed a *pro se* application for relief with this Court, titled "Motion For Summary Judgment," requesting that we grant summary judgment and order his immediate release from custody. We deny Appellant's application, and note that a motion for summary judgment is not an appropriate filing in a PCRA proceeding. ***See*** Pa.R.C.P. 1035.2.

The relevant factual and procedural history of this case is as follows. On March 25, 1999, a jury found Appellant guilty of second-degree murder, robbery, firearms not to be carried without a license, prohibited offensive weapon, and criminal conspiracy.[2] The conviction stems from Appellant's shooting of a jitney driver, Kenneth Wright, in the back of the neck with a sawed-off shotgun, during the commission of a robbery, when Appellant was fourteen years old. On May 4, 1999, the trial court sentenced Appellant to a term of life imprisonment without parole for the homicide conviction, and a concurrent term of not less than ten nor more than twenty years' incarceration on the criminal conspiracy conviction. This Court affirmed the judgment of sentence on April 14, 2000, and our Supreme Court denied allowance of appeal on August 14, 2000. (*See Commonwealth v. Pendelton*, 758 A.2d 724 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 760 A.2d 853 (Pa. 2000)). Appellant subsequently filed serial PCRA petitions, all of which were denied.[3]

On August 23, 2012, Appellant filed the instant *pro se* PCRA petition, styled as a "Petition for Writ of *Habeas Corpus* and Rule to Show Cause,"

_____

[2] 18 Pa.C.S.A. §§ 2501, 3701, 6106, 908 and 903, respectively.

[3] Because those petitions are not at issue, we refrain from describing the procedural history of each petition in detail. *See Commonwealth v. Cintora*, 69 A.3d 759, 761 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013).

claiming that his life sentence is illegal based on the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[4] The PCRA court properly treated the filing as a PCRA petition.[5] The court appointed counsel, who subsequently withdrew from representation because Appellant wished to proceed *pro se*. Appellant filed several *pro se* motions, in which he requested that the court allow him to amend the PCRA petition to add new claims unrelated to **Miller**. (**See** PCRA Court Opinion, 7/17/14, at 1-2).[6] On July 11, 2013, the PCRA court entered an order staying the

_____

[4] The **Miller** Court recognized a constitutional right for juveniles under the age of eighteen, and held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller, supra** at 2460.

[5] "[This Court] ha[s] repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted) (concluding that appellant's "motion to correct illegal sentence," filed after his judgment of sentence became final, was a PCRA petition). The plain language of the PCRA states that "[it] provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542.

[6] Among the claims Appellant sought to add was one based on the United States Supreme Court's decision in **J.D.B. v. North Carolina**, 131 S.Ct. 2394 (2011). (**See** PCRA Ct. Op., at 1). In **J.D.B.**, the Court considered whether the age of a child subjected to police questioning is relevant to the custody analysis of **Miranda v. Arizona**, 384 U.S. 436 (1966). **See J.D.B.**, **supra**, at 2398. The Court held "that so long as the child's age was known to the officer at the time of police questioning, or would have been objectively apparent to a reasonable officer," the child's age is relevant and must be considered. **Id.** at 2406.

proceedings pending the Pennsylvania Supreme Court's decision in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014). On October 30, 2013, our Supreme Court issued the *Cunningham* decision, and held that the *Miller* holding will not be applied retroactively to cases on collateral review. *See Cunningham*, *supra* at 11. On November 1, 2013, the Commonwealth filed an answer to Appellant's PCRA petition, requesting that the court dismiss the petition pursuant to *Cunningham, supra*.

On December 10, 2013, the PCRA court issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant filed several *pro se* responses, including a request for leave to amend his petition to include the "previously undiscoverable" testimony of co-conspirator Arthur Dunn. (Objection to Rule 907 Notice and Motion for Leave to Amend PCRA Petition, 12/27/13, at 1; *see id.* at 1-3).[7] On January 16, 2014, the court entered its order dismissing the PCRA petition. The court also dismissed Appellant's various other *pro se* filings in which he

_____

[7] Specifically, Appellant claims the benefit of the after-discovered facts exception based on Dunn's testimony at Dunn's February 1999 trial. (*See* Appellant's Brief, at 8-9); *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii). According to Appellant, Dunn testified in his own defense and admitted to killing the victim. (*See* Appellant's Brief, at 8-9). Appellant contends that he first learned of Dunn's testimony on November 21, 2013, when his federal lawyer forwarded a copy of Dunn's trial transcripts to him. (*See id.* at 6, 8).

advanced claims unrelated to **Miller**. (**See** Order, 1/16/14, at 1-3). This timely appeal followed.[8]

Appellant raises the following issues for our review:

1. Can a juvenile be held liable for not discovering the previously undiscoverable evidence and bring such to the court's attention and/or place the burden upon him, does this not violate his substantive due process and equal protection rights?

2. Did the Commonwealth fail to allege every element of second degree murder, 18 Pa.C.S. § 2502(B), which has violated [Appellant's] due process rights under the 14th Amendment to the United States Constitution when it violated the **Apprendi v. New Jersey**[, 530 U.S. 466 (2000)] rule and compulsory joinder rule?

3. Was petitioner entitled to relief under the new rule of law established by **J.D.B. v. North Carolina**, 131 S.Ct. 2394 (2011)?

4. Was petitioner's substantive due process rights [sic] violated when he was not given/granted a competency hearing?

5. If **Miller v. Alabama**, 132 S.Ct. 2455 (2012), is not retroactive under federal law then is it available under

_____

[8] The PCRA court did not order Appellant to file a Rule 1925(b) statement of errors. However, Appellant filed a Rule 1925(b) statement on February 26, 2014. The court filed a Rule 1925(a) opinion on July 17, 2014. **See** Pa.R.A.P. 1925.

We note that the Commonwealth claims that Appellant did not serve the trial court with the notice of appeal, and that, as a result, the record does not contain a Rule 1925(a) opinion. (**See** Commonwealth's Brief, at 9-10). However, the PCRA court filed a Rule 1925(a) opinion after the Commonwealth filed its brief.

Pennsylvania state constitution and does the state constitution provide greater protection?

6.     When the trial judge fails to enter and docket sentencing order and fails to mention a sentencing statu[t]e, does this not violate Appellant's due process rights and voids [sic] his sentence?

(Appellant's Brief, at 4).

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013)

(citations and quotation marks omitted).

Before we may consider the merits of Appellant's claims, we must consider whether this appeal is properly before us.

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1).  A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review.  42 Pa.C.S.[A.] § 9545(b)(3).  The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed.  The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.  The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations

and footnote omitted).

In this case, Appellant's judgment of sentence became final on November 13, 2000, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief, specifically, until November 13, 2001. *See* 42 Pa.C.S.A. at § 9545(b)(1). Because Appellant filed the instant petition on August 23, 2012, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See id.* at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa.

- 7 -

Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. at § 9545(b)(2).

Here, Appellant invokes the benefit of the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), a newly-recognized, retroactively-applied constitutional right to relief predicated on the United States Supreme Court's decision in **Miller**, **supra**. (**See** PCRA Petition, 8/23/12, at 1; Appellant's Brief, at 4, 20-21).[9] Appellant asserts that, under Pennsylvania law, **Miller** is retroactive because our state constitution affords greater protection than the federal constitution. (**See** Appellant's Brief, at 4, 20-21). We disagree.

In **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), a panel of this Court considered the **Miller** decision in light of **Cunningham** in the context of a facially untimely PCRA petition and explained:

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that

_____

[9] The Supreme Court decided **Miller** on June 25, 2012, and Appellant filed the instant petition fifty-nine days later, on August 23, 2012. **See** 42 Pa.C.S.A. § 9545(b)(2).

there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

. . . [I]n **Cunningham**, our Supreme Court held that the constitutional right announced by the United States Supreme Court in **Miller** does not apply retroactively. Consequently, [a]ppellant cannot rely upon **Miller** or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court.

**Seskey**, **supra** at 242-43 (some case citations omitted).

Likewise, here, Appellant "cannot rely upon **Miller** or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court." **Seskey**, **supra** at 243. Accordingly, Appellant's **Miller** claim fails.

In addition, Appellant argues the applicability of the after-discovered facts exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), based on the trial testimony of Arthur Dunn at Dunn's 1999 trial. (**See** Appellant's Brief, at 8-9). Appellant also invokes the United States Supreme Court's decision in **J.D.B.,** **supra**, decided in June 2011, as a basis for relief. (**See** Appellant's Brief, at 16-18). These claims are waived.

"[The Pennsylvania Supreme] Court has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and has held that such claims raised in such supplements are subject to waiver."

- 9 -

*Commonwealth v. Reid*, 2014 WL 4097636, at *4, 32 (Pa. filed Aug. 20, 2014) (citations omitted) (holding claims raised for first time in apparently unauthorized supplemental PCRA petition waived). Further, "it [is an a]ppellant's duty to identify where in the record the supplemental petitions were authorized and/or reconstruct the record if such authorization was provided off the record." *Id.* at *4.

> Our criminal procedural rules reflect that the PCRA judge "may grant leave to amend . . . a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905. Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing." Thus, for example, a petitioner may not simply 'amend' a pending petition with a supplemental pleading. Rather, Rule 905 explicitly states that amendment is permitted only by direction or leave of the PCRA Court. It follows that petitioners may not automatically "amend" their PCRA petitions via responsive pleadings.

*Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (case citations and some quotation marks omitted).

Here, Appellant did not include his claim relating to Dunn's testimony or his claim based on the *J.D.B* case in his PCRA petition. (*See* PCRA Petition, 8/23/12, at 1-2). Instead, a review of the record indicates that Appellant raised these claims for the first time in subsequent *pro se* filings. (*See* Objection to Rule 907 Notice and Motion for Leave to Amend PCRA Petition, 12/27/13, at 1-3; PCRA Ct. Op., at 1-2). The record does not reflect that the PCRA court granted Appellant leave to amend his PCRA petition premised on a right to relief under *Miller* to add unrelated claims.

- 10 -

Thus, because Appellant "may not simply amend a pending petition with a supplemental pleading," his claims based on Dunn's testimony and the *J.D.B.* case are waived. **Baumhammers**, **supra** at 730 (citation and quotation marks omitted).[10]

Accordingly, based on the foregoing, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three limited exceptions to the PCRA's time-bar. **See Jones**, **supra** at 17. The PCRA court properly dismissed Appellant's petition as untimely with no exception to the time-bar pleaded or proven.

Order affirmed. Application for relief denied.

_____

[10] Moreover, although Appellant contends that Dunn's 1999 trial testimony is newly-discovered evidence, Dunn's testimony is a matter of public record, and not unknown for purposes of invoking an exception to the PCRA's time bar. **See Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (2014) ("matters of public record are not unknown") (citations omitted); **see also Commonwealth v. Hawkins**, 953 A.2d 1248, 1255 (Pa. 2006) (concluding that transcripts of court proceedings are public records).

Furthermore, our review of the notes of testimony on which Appellant relies does not support his assertion that Dunn admitted to killing the victim. (**See** Objection to Rule 907 Notice and Motion for Leave to Amend PCRA Petition, 12/27/13, at 1-3, Exhibit 1; Appellant's Brief, at 8). Instead, the notes of testimony show that Dunn admitted only to pointing a gun at the victim. Thus, Appellant's claim lacks a factual basis.

Finally, we note that the United States Supreme Court decided **J.D.B.** on June 16, 2011; Appellant filed the instant PCRA petition on August 23, 2012, more than one year later. **See** 42 Pa.C.S.A. § 9545(b)(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/2014